IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>H20 RECOVERY, LLC, and TIMOTHY MILLER,<br><br>    Defendants. | Civil Action No.: 2:22-cv-1337<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Owner's Insurance Company ("Owners"), by and through its undersigned counsel, comes now before this Honorable Court and files this Complaint for Declaratory Judgment against Defendants, H20 Recovery, LLC ("H20"), Timothy Miller ("Miller) and in support thereof avers as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Owners seeks a determination that it has no duty to defend or indemnify its named insureds, H20 and Miller, under a liability insurance policy it issued to H20 and Miller (collectively, the "Insureds") with respect to claims asserted against them in an underlying lawsuit. That underlying lawsuit, filed by Eric Beighley ("Beighley") in the Beaver County Court of Common Pleas against the Insureds and several other defendants, alleges that Beighley was employed by H20 and was using a mini-excavator while working for H20 at its facility in Alquippa, Pennsylvania, that tipped over and caused injury to Beighley. A copy of the Beighley complaint is attached as **Exhibit A**.

2. In this declaratory judgment action, Owners seeks a determination that the Employer's Liability Exclusion in the liability insurance policy it issued to the Insureds bars coverage to them in the underlying action, as Beighley alleges he is an employee of the Insureds. A copy of the Owners Policy is attached hereto as **Exhibit B**.

## THE PARTIES

3. Owners is an insurance company with corporate offices at 6101 Anacapri Blvd Lansing, Michigan 48917 and regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

4. Defendant, H20, is a limited liability company having a registered address at 3000 Village Run Road, Unit 103-222, Wexford, Pennsylvania 15090, and a business location at 501 Steel Street, Alquippa, Pennsylvania 15001 and regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

5. Defendant, Miller, is an adult individual who, upon information belief, is the proprietor of H20 and serves as its President and/or Director and is believed to reside at 470 Washington Avenue, Kewaskum, Wisconsin 53040, who regularly conducts business on behalf of H20 within the Commonwealth of Pennsylvania and within this judicial district.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. A justiciable controversy exits between Owners and the Insureds within the meaning of 28 U.S.C. § 2201 with respect to Owners' duty to defend or indemnify the Insureds against the claims asserted against it in the Beighley underlying litigation, as described more fully

below. See, e.g., ACandS, Inc. v. Aetna Casualty & Surety Co., 666 F.2d 819, 822-23 (3d Cir. 1981) (finding claims seeking a declaration on the defendant's duty to defend an underlying lawsuit and to pay any resulting judgment was ripe for determination by the court); Yellowbird Bus Co. v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 69554 (E.D. Pa. 2010) ("in the context of a declaratory judgment action, courts generally find that the issue of whether an insurer has a duty to defend an insured in an underlying action is sufficiently ripe" for judicial determination).

8. This Court has diversity jurisdiction pursuant to 23 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the Defendant Insureds reside in this judicial district.

## FACTS GIVING RISE TO THE INSURANCE COVERAGE DISPUTE
### The Underlying Lawsuit

10. In January 2022, Beighley filed a First Amended Complaint (the "Underlying Complaint") in the Court of Common Pleas of Beaver County under docket number 11350-2021 against H20, Miller, and several other defendants. (the "Underlying Litigation"). See Exhibit A.

11. In the Underlying Complaint, Beighley alleges that he was hired by Miller, on behalf of H20, to work at H20's facility at 501 Stect Street in Aliquippa, Beaver County, Pennsylvania. Id. at ¶¶ 16, 21.

12. Beighley alleges that at the time he was hired by Miller, he was told by Miller that he was being hired as an employee of H20, but that several months later Miller changes the terms

of the employment agreement and advised Beighley that he would be paid as an independent contractor instead of a direct employee. Id. at ¶¶ 21-24.

13. Therefore, Beighley alleges that he was misclassified by H20 and Miller as an independent contractor instead of a direct employee of H20 and would therefore be entitled to receive Worker's Compensation benefits. Id. at ¶ 24.

14. Beighley asserts that on July 10, 2020, while working within the course and scope of his employment for H20 at the facility, he was injured while operating a John Deere mini-excavator with an attached hydraulic breaker that tipped over and fell into a pit that caused him injury. Id. at ¶¶ 14, 19-26.

15. Beighley alleges that H20, Miller, and the other defendants in the Underlying Action were negligent. Id. at ¶ 40.

16. The Underlying Complaint contains only one Count against H20 and Miller, which is Count II in which Beighley alleges that H20 and Miller were negligent due to, among other things, failing to provide a safe working environment to Beighley and failed to properly train Beighley on the use of the mini-excavator and failed to warn him of the potential dangers in using that piece of machinery, and other such related conduct. Id. at ¶¶ 51-56.

**The Frederick Mutual Policy**

17. The Owners Policy is a Commercial General Liability policy issued by Owners to "H20 Recovery LLC c/o Tim Miller" at their location in Aliquippa, Pennsylvania bearing policy number 202337-61254513, effective May 7, 2020, through May 7, 2021, with a $1M per occurrence limit and a $2M general aggregate limit. See Exhibit B.

18. The Owners Policy provides liability coverage pursuant to the <u>Commercial General Liability Coverage Form CG 00 01 04 13</u>, which states in relevant part as follows:

**COMMERCIAL GENERAL LIABLITY COVERAGE FORM**

\*   \*   \*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations …. The words "we," "us" and "our" refer to the company providing this insurance.  The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

\*   \*   \*

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

   \*   \*   \*

   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; ….

<u>See</u> Exhibit B.

19. The Owners Policy also contains exclusions, including an "Employer's Liability" Exclusion that states in relevant part under the <u>Commercial General Liability Coverage Form CG 00 01 04 13</u> as follows:

2. **Exclusions**
   This insurance does not apply to:

   \*   \*   \*

   e. **Employer's Liability**
      "Bodily injury" to:
      (1) An "employee" of the insured arising out of and in the course of:
         (a) Employment by the insured; or
         (b) Performing duties related to the conduct of the insured's business ….

   \*   \*   \*

>   This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
>   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

See Exhibit B.

20. The Owners Policy further contains the Employer's Liability Exclusion 55513 (5-17) endorsement, which deletes and replaces the Employer's Liability Exclusion in the policy as follows:

>   **A. SECTION 1 – COVERGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABLITY, 2. Exclusions** is amended. Exclusion e. Employer's Liability is deleted and replaced by the following exclusion:
>
>   **e. Employer's Liability**
>   "Bodily injury" to:
>   (1) An "employee" of any insured arising out of and in the course of employment by any insured; …
>
>   \*   \*   \*
>
>   This exclusion applies:
>   (1) Whether any insured may be liable as an employer or in any other capacity; and
>   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
>   \*   \*   \*
>
>   **B. SECTION II – WHO IS AN INSURED** is amended. Paragraph 1. is deleted and replaced by the following paragraph for purposes of this endorsement only.
>   1. a. If you are designated in the Declarations a:
>       \*   \*   \*
>       (3) A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business.
>       \*   \*   \*
>       b. However, with respect to paragraphs 1.a.(1) through 1.a.(5), no person is an insured for "bodily injury" or "personal and advertising injury":
>
>   \*   \*   \*

6

>> (2) To an "employee" of any insured while in the course of his or her employment or performing duties related to the conduct of any insured's business. …
>> \* \* \*
>> (5) For which there is an obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs 1.b.(1), (2) and (3).

See Exhibit B.

21. Therefore, pursuant to the terms of the Employer's Liability Exclusion 55513 (5-17) endorsement, there is no coverage under the Owners Policy for an insured, such as H20 and Miller, for "bodily injuries" to an "employee." See, e.g., State Auto. Mut. Ins. Co. v. Christie, 802 A.2d 628 (Pa. Super. Ct. 2002) (holding that injured worker was the insured's employee and, therefore, coverage was barred for the insured under the policy's "employer's liability" exclusion.)

22. Beighley alleges in the Underlying Complaint that he is an employee of H20. Ex. "A" at ¶¶ 21, 22.

23. Therefore, there is no coverage under the Owners Policy for the Insureds in connection with the allegations against them in the Underlying Complaint.

24. Additionally, the Employer's Liability Exclusion 55513 (5-17) endorsement provides that there is also no coverage under the Owners Policy for H20 or Miller in connection with claims by any other defendants seeking defense and/or indemnification from the Insureds on account of the injuries allegedly sustained by Beighley in the Underlying Complaint.

25. Owners has agreed to provide a defense to the Insureds, however it is doing so under a reservation of rights (ROR) with Owners reserving its rights to deny coverage to the Insureds based on exclusions and limitations in the policy, including the Employer's Liability Exclusion.  See ROR letter, dated May 26, 2022, attached as **Exhibit C**.

## COUNT I
## DECLARATORY JUDGMENT

26. Owners hereby incorporates the preceding paragraphs of this Complaint for Declaratory Judgment as though same were set forth at length herein.

27. There is a genuine and bona fide dispute, controversy and disagreement between Owners and the Insureds regarding whether Owners has a duty to defend and indemnify the Insureds against the claims asserted against it in the Underlying Complaint, and these claims are ripe for determination by this Honorable Court. See, e.g., ACandS, Inc., 666 F.2d at 822-23; Yellowbird Bus Co. v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 69554, at *10-11.

28. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Owners requests that this Honorable Court declare that Owners has no duty to defend or indemnify the Insureds for the claims asserted against them in the Underlying Complaint.

29. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Owners also requests that this Honorable Court declare that Owners has no duty to defend or indemnify any other defendant in the Underlying Action because of the injuries allegedly sustained by Beighley in the Underlying Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Owners Insurance Company, prays as follows:

a. For a declaration by this Honorable Court that it has no duty to defend or indemnify H20 against the claims made against it in the Underlying Complaint, including but not limited to claims made by Beighley, as well as claims made by any other defendant in the Underlying Action against H20 because of the alleged injuries sustained by Beighley as described more fully in the Underlying Complaint; and

b.	For a declaration by this Honorable Court that it has no duty to defend or indemnify Miller against the claims made against it in the Underlying Complaint, including but not limited to claims made by Beighley, as well as claims made by any other defendant in the Underlying Action against Miller because of the alleged injuries sustained by Beighley as described more fully in the Underlying Complaint; and

c.	For such other and further relief this Honorable Court may deem just and proper.

**Respectfully Submitted,**

**STICKLEY LAW, LLC**

By: *Robert S. Stickley*

Robert S. Stickley
Counsel for Plaintiff,
Owners Insurance Company
Identification No. 80849
90 S. Newtown Street Rd., Suite 11
Newtown Square, PA  19073
484-420-4184
rstickley@stickley.law

Dated:  September 16, 2022